## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES EDWARD STUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-48-D |
| | ) | |
| MIKE ARNOLD et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On January 13, 2015, Plaintiff James Edward Stuck, a prisoner appearing pro se, conditionally filed this civil action. *See* Complaint, Doc. No. 1. United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). As discussed below, Mr. Stuck has failed to prosecute his case since filing.

Upon receipt of the Complaint, the Court ordered Mr. Stuck to "either (1) pay the $350.00 filing fee and $50.00 administrative fee or (2) file an application seeking leave to proceed *in forma pauperis* no later than February 13, 2015." Order, Doc. No. 4, at 2. Mr. Stuck was advised that, if applying to proceed *in forma pauperis*, he was required by statute to provide financial information for the 6-month period immediately preceding the filing of the action. *Id.* at 1-2 (citing 28 U.S.C. § 1915(a)(2), (b)(1); LCvR 3.3(b)-(c)). Mr. Stuck was further advised that failure to comply with the Court's order could result in dismissal of this action. *Id.* at 2.

On February 10, 2015, Mr. Stuck filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 6). Mr. Stuck stated that he had "been in jail since April 2014," which means he was to provide financial information for the period of July 13, 2014, to January 12, 2015. Mr. Stuck, however, submitted a prison trust fund account statement that only included information from October 21, 2014 forward. *See* Pl.'s Mot., Doc. No. 6, at 3; Pl.'s Mot. Attach. 1, Doc. No. 6-1.

On February 13, 2015, the Court ordered Mr. Stuck to provide the missing financial information. Order, Doc. No. 7, at 2. Specifically, Mr. Stuck was ordered to

> (1) submit a certified copy of his prison trust fund account statement from each facility in which he was confined within the six-month period immediately preceding the filing of his Complaint, specifically including the period of July 13, 2014 to January 12, 2015; or (2) show cause, in writing, for why he is unable to do so.

*Id.* The express deadline for Mr. Stuck's response was March 6, 2015. To date, he has neither responded nor submitted any other filings to the Court.

Although the Court has a "strong predisposition to resolve cases on their merits," it may in its discretion dismiss an action sua sponte if the plaintiff fails to prosecute the action. *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151-52 (10th Cir. 2007) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631-33 (1962); *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236; *accord Robledo-Valdez v. Smelser*, No. 14-1201, 2014 WL 6610079, at *3 (10th Cir. Nov. 20, 2014).

Mr. Stuck's failure to prosecute his action and to comply with the Court's February 13, 2015 Order leaves the Court unable "to achieve [an] orderly and expeditious" resolution of this action. *See Link*, 370 U.S. at 629-31. Among other things, Mr. Stuck's failure to respond to the February 13, 2015 Order directing him to provide additional information has left the Court unable to adequately assess his ability to pay the fees required to file this civil action. *See* 28 U.S.C. § 1915(a)(2), (b)(1); LCvR 3.2-3.3.

## RECOMMENDATION

The undersigned recommends that Plaintiff's action be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by April 29, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the present case.

ENTERED this 8th day of April, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE